C. D. Michel – SBN 144258
cmichel@michellawyers.com
Anna M. Barvir – SBN 268728
abarvir@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Attorneys for Plaintiffs in Robert M. Blank, Antonio Ramos Rodriguez, Kyle Hoang Truong, Charles Koon Chiu Young, Jonathan Young, and California Rifle & Pistol Association, Incorporated in *Blank v. Santa Clara County, et al.*, N.D. Cal. Case No. 5:25-cv-08027-EJD

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff The Second Amendment Foundation in *Blank v. Santa Clara County, et al.*, N.D. Cal. Case No. 5:25-cv-08027-EJD

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, CALIFORNIA,<br><br>Defendants. | Case No.: 5:2026-cv-10508-PCP<br><br>**NOTICE OF FILING**<br><br>Action Filed: September 22, 2025 |

PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 3-12, Plaintiffs in *Blank v. Santa Clara County, et al.*, N.D. Cal. Case No. 5:25-cv-08027-EJD, have filed Notice of Related Case, and they have requested the court treat that filing as an Administrative Motion to Consider Whether Cases Should Be Related. Pursuant to Civil Local Rule 3-12, attached hereto are true and correct copies of the following documents filed in the *Blank v. Santa Clara County* matter:

Exhibit A: Plaintiffs' Notice of Related Case (*Blank*, ECF No. 56);

Exhibit B: Defendants' Opposition to Notice of Related Case (*Blank*, ECF No. 60); and

Exhibit C: Plaintiffs' Reply in Support of Notice of Related Case (*Blank*, ECF No. 65).

Respectfully submitted,

Dated: October 7, 2026

**MICHEL & ASSOCIATES, P.C.**

*/s/ Anna M. Barvir*
Anna M. Barvir
Counsel for Plaintiffs Robert M. Blank, Antonio Ramos Rodriguez, Kyle Hoang Truong, Charles Koon Chiu Young, Jonathan Young, and California Rifle & Pistol Association, Incorporated

Dated: October 7, 2026

**LAW OFFICES OF DONALD KILMER, APC**

*/s/ Donald Kilmer*
Donald Kilmer
Counsel for Plaintiff The Second Amendment Foundation

**ATTESTATION OF E-FILED SIGNATURES**

I, Anna M. Barvir, am the ECF User whose ID and password are being used to file this NOTICE OF FILING. In compliance with Northern District of California L.R. 5-1(i)(3), I attest that all signatories are registered CM/ECF filers and have concurred in this filing.

Dated: October 7, 2026

*/s/ Anna M. Barvir*
Anna M. Barvir

# EXHIBIT A

C. D. Michel – SBN 144258
cmichel@michellawyers.com
Anna M. Barvir – SBN 268728
abarvir@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Attorneys for Plaintiffs Robert M. Blank, Antonio Ramos Rodriguez, Kyle Hoang Truong, Charles Koon Chiu Young, Jonathan Young, and California Rifle & Pistol Association, Incorporated

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff The Second Amendment Foundation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROBERT M. BLANK, an individual; ANTONIO RAMOS RODRIGUEZ, an individual; KYLE HOANG TRUONG, an individual; CHARLES KOON CHIU YOUNG, an individual; JONATHAN YOUNG, an individual; CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; and THE SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>SANTA CLARA COUNTY; SANTA CLARA COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT JONSEN, in his official capacity; and DOES 1-10,<br><br>Defendants. | Case No.: 5:25-cv-08027-EJD<br><br>**PLAINTIFF'S NOTICE OF RELATED CASE**<br><br>Action Filed: September 22, 2025 |

Case 5:25-cv-10827-EJD Document 5 Filed 09/22/26 Page 2 of 3

Pursuant to Local Rule 3-12, Plaintiffs Robert M. Blank, Antonio Ramos Rodriguez, Kyle Hoang Truong, Charles Koon Chiu Young, Jonathan Young, California Rifle & Pistol Association, Incorporated, and The Second Amendment Foundation note the following as a potentially related case: *United States of America v. City of San Jose, California, et al.*, Case No. 5:26-cv-10508-SVK, filed in the Northern District of California on September 16, 2026.

The cases are related because both challenge the constitutionality of fees imposed in connection with licensing for concealed carry permits in California and present overlapping questions concerning the Second Amendment's limits on such fees. Although the cases challenge fees imposed by different issuing authorities, both raise substantially similar questions concerning whether and to what extent carry-license fees are permissible under the Second Amendment, including the application of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

Respectfully submitted,

Dated: September 22, 2026

**MICHEL & ASSOCIATES, P.C.**

*/s/ Anna M. Barvir*
Anna M. Barvir
Counsel for Plaintiffs Robert M. Blank, Antonio Ramos Rodriguez, Kyle Hoang Truong, Charles Koon Chiu Young, Jonathan Young, and California Rifle & Pistol Association, Incorporated

Dated: September 22, 2026

**LAW OFFICES OF DONALD KILMER, APC**

*/s/ Donald Kilmer*
Donald Kilmer
Counsel for Plaintiff The Second Amendment Foundation

**ATTESTATION OF E-FILED SIGNATURES**

I, Anna M. Barvir, am the ECF User whose ID and password are being used to file this NOTICE OF RELATED CASE. In compliance with Northern District of California L.R. 5-1(i)(3), I attest that all signatories are registered CM/ECF filers and have concurred in this filing.

Dated: September 22, 2026

*/s/ Anna M. Barvir*
Anna M. Barvir

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Name: *Blank v. Santa Clara County Sheriff's Department*
Case No.: 5:25-cv-08027-EJD

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**NOTICE OF RELATED CASE**

on the following parties, as follows:

Tony Lopresti
Aryn Paige Harris
aryn.harris@cco.sccgov.org
Office of the County Counsel
70 West Hedding, East Wing, 9th Floor
San Jose, California 95110-1770
*Attorneys for Defendants Santa Clara County and Sheriff Robert Jonsen*

Kevin L. Quade
kevin.quade@doj.ca.gov
1300 I Street, Suite 125
Sacramento, CA 95814
*Attorneys for Proposed Intervenor Attorney General Rob Bonta*

by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 22, 2026, in Long Beach, California.

*/s/ Haydee Villegas*
Haydee Villegas

# EXHIBIT B

TONY LOPRESTI, County Counsel (S.B. #289269)
ARYN PAIGE HARRIS, Deputy County Counsel (S.B. #208590)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240
Email: aryn.harris@cco.sccgov.org

Attorneys for Defendants
COUNTY OF SANTA CLARA, and SHERIFF ROBERT JONSEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSÉ)

ROBERT M. BLANK, et al.,

Plaintiffs,

v.

SANTA CLARA COUNTY SHERIFF'S DEPARTMENT, et al.,

Defendants.

No. 25CV08027 EJD

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' NOTICE OF RELATED CASE [DKT #56]**

Plaintiffs Robert M. Blank, Antonio Ramos Rodriquez, Kyle Hoang Truong, Charles Koon Chiu Young, Jonathan Young, California Rifle & Pistol Association, Incorporated, and The Second Amendment Foundation filed a Notice of Related case, pursuant to Northern District Local Rule 3-12, seeking to relate the following case to this matter: *United States of America v. City of San José, California, et. al.*, Case No. 5:26-CV-10508-PCP ("*City of San José*"). Defendants County of Santa Clara and Sheriff Jonsen oppose the request pursuant to Local Rule 3-12(e).

Local Rule 3-12(a) permits a party to relate another action when:

(1) The actions concern substantially the same parties, property, transaction, or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

First, Plaintiffs must show that the two actions concern "substantially the same parties, property, transaction, or event." This showing is not made here. Specifically, the two cases do not involve ***any*** of the same parties:

> ***Blank***: The *Blank* matter is brought by five individual plaintiffs who live in Santa Clara County, *see* Proposed Second Amended Complaint ("PSAC"), Dkt. 53, ¶¶ 19-31, as well as two associational plaintiffs: California Rifle & Pistol Association, Incorporated, and The Second Amendment Foundation, *id.* ¶¶ 39, 42-43. The Defendants are the County of Santa Clara, Sheriff Robert Jonsen, and the State of California. *Id.* ¶¶ 44-47.

> ***U.S. v. City of San José***: The *City of San José* case involves only the United States of America and the City of San José. *City of San José*, Dkt. 14, ¶¶ 8-9.

The cases also do not involve substantially the same "property, transaction, or event." Both cases allege that the Defendants' CCW permitting process violates the Second Amendment. The similarities end there.

The *City of San José* matter is brought by the United States seeking only equitable relief under the Violent Crime Control and Law Enforcement Act of 1994 pursuant to 34 U.S.C. §1260(b) by alleging that the City has an abusive CCW licensing fee scheme,[1] *City of San José*, Dkt. 14, ¶¶ 18-23; an abusive psychological testing requirement, *id.* ¶¶ 24-25; and an abusive non-statutory[2] insurance requirement, *id.* ¶¶ 22, 26-27. The United States alleges that the San José Police Department's application of the CCW licensing processes constitutes "a pattern or practice of conduct by law enforcement officers that deprives persons of rights held under the Constitution, violating section 12601(a)." *Id.* ¶ 36. Further, 34 U.S.C. § 12601(b) provides the United States unique statutory powers to obtain appropriate equitable and declaratory relief as follows:

> Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1)[3] has occurred, the Attorney General, for or in the name of the

---

[1] The Complaint notes that the City charges $1,591 dollars and contrasts that figure to its neighbors, including the County of Santa Clara, which the Complaint touts as more reasonable, "although still high": $488 up front and $488 at issuance. *City of San José*, Dkt. 14, ¶ 5.

[2] Although the Complaint alleges that the City's municipal code for the CCW process is "largely deferential to state law regulation of public carry," it notes that the City imposes "additional financial strings" to the right to bear arms by imposing insurance requirements. *City of San José*, Dkt. 14, ¶ 22.

[3] [sic] This should say "paragraph (a)." *City of San José*, Dkt. 14, ¶ 39.

> United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

In contrast, Plaintiffs in the *Blank* case bring their action pursuant to 42 U.S.C. § 1983 alleging violations of the First, Second, and Fourteenth Amendments. PSAC, Dkt. 53 ¶ 49. The Court recently granted Plaintiffs' unopposed request to file a Second Amendment Complaint. Order, Dkt. 59. In *Blank*, Plaintiffs also challenged the County's fees but, unlike the fees alleged in *City of San José*, the County maintains its fees are purely for cost recovery authorized under Senate Bill 2 ("SB2"), which has led to the intervention of the State of California to defend against the facial challenges to the Constitutionality of California law. *Blank*, PSAC, Dkt. 53, ¶¶ 76-81, 97-101, 144-148; *see also* Dkt. 58 (Court's Order Granting Motion to Intervene) at 3:8-12. Like the *City of San José* case, the *Blank* Plaintiffs allege that the County's election to require psychological testing authorized by SB 2, and the State's ratification of the practice, violates the Second Amendment. *Blank*, PSAC, Dkt. 53, ¶¶ 128-131, 144-148. But unlike *City of San José*, the *Blank* Plaintiffs make numerous additional and distinct allegations and claims:

- Allegations that the CCW statutory scheme provides for the review of publicly available information about the applicant, including publicly available statements about the applicant and, due to the alleged lack of objective criteria for reviewing this information, the State and County are violating the First Amendment, *id.* ¶¶ 83, 95-96, and further, that the State is ratifying the County's conduct, *id.* ¶¶ 140-141.
- Allegations that "California Penal Code section 26175 sets forth the statutory basis for the State's Attorney General to create a uniform statewide application to obtain a CCW license. The current state-wide uniform application created by the Attorney General has deficiencies that either violate the U.S. Constitution or exceed the statutory authority under § 26175." *Id.* ¶ 85.
- Allegations that the County's posting of "campaign disclosure requirements" pursuant to the Levine Act for CCW applicants violates the First Amendment. *Id.* ¶¶ 86-94.
- Allegations that the State is ratifying the County's alleged First Amendment violations related to the Levine Act. *Id.* ¶¶ 138-139
- Allegations that the psychological testing requirements violate the Fourteenth Amendment due process clause. *Id.* ¶¶ 132-133.
- Allegations that the County's alleged practice of exempting judicial officers from psychological testing violates the Equal Protection Clause of the Fourteenth Amendment. *Id.* ¶¶ 16.
- Allegations that the State of California is ratifying the County's unconstitutional practices. *Id.* ¶¶ 17, 134-137.

- Allegations that California Penal Code section 26202(b)(a)(3) violates the First Amendment on its face. *Id.* ¶¶ 142-143.
- Allegations that the State's Uniform CCW Application Form either violates the Constitution or exceeds the State's statutory power. *Id.* ¶¶ 151-152.
- An extensive Prayer for Relief that seeks expensive declaratory and injunctive relief. *Id.* Prayer, ¶¶ 153-161.
- Compensatory damages for Plaintiffs. *Id.* Prayer, pg. 43 ¶¶ 16-17.

Local Rule 3-12 does not provide a definition of "substantially similar" property, transaction, or event and Defendants are unable to find any case law interpreting this language. However, in the context of joinder and related-case analysis, courts have evaluated the "same transaction or occurrence" requirement for joinder and held that it requires factual similarity in the allegations supporting the plaintiff's claims, that there must be a logical relationship between events, and that joinder is not appropriate where different products or processes are involved. *See e.g.*, *Corley v. Google, Inc.*, 316 F.R.D. 277, 283 (N.D. Cal. 2016). The *Blank* case and the *City of San José* case do not have a meaningful factual nexus of any kind and merely have ***some*** overlapping legal theories, which is true of cases challenging concealed carry weapons nationwide.

As to the second element, the Court must also evaluate if "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Plaintiffs failed to address this step in the Notice of Related cases and, given the only commonality is a similar legal theory, Defendants see no reason why the unduly burdensome prong is triggered here anymore so than the numerous cases the Courts hears where different parties, under difference circumstances, allege similar legal theories.

Dated: October 5, 2026

Respectfully submitted,

TONY LOPRESTI
County Counsel

By: */s/ Aryn Paige Harris*
ARYN PAIGE HARRIS
Deputy County Counsel

Attorneys for Defendants
COUNTY OF SANTA CLARA, and SHERIFF ROBERT JONSEN

3703100

# EXHIBIT C

C. D. Michel – SBN 144258
cmichel@michellawyers.com
Anna M. Barvir – SBN 268728
abarvir@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Attorneys for Plaintiffs Robert M. Blank, Antonio Ramos Rodriguez, Kyle Hoang Truong, Charles Koon Chiu Young, Jonathan Young, and California Rifle & Pistol Association, Incorporated

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff The Second Amendment Foundation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROBERT M. BLANK, an individual; ANTONIO RAMOS RODRIGUEZ, an individual; KYLE HOANG TRUONG, an individual; CHARLES KOON CHIU YOUNG, an individual; JONATHAN YOUNG, an individual; CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; and THE SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>SANTA CLARA COUNTY; SANTA CLARA COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT JONSEN, in his official capacity; and DOES 1-10,<br><br>Defendants. | Case No.: 5:25-cv-08027-EJD<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF RELATING UNITED STATES v. CITY OF SAN JOSE, NO. 5:26-cv-10508-PCP [DKT. 56]; REQUEST FOR LEAVE TO FILE**<br><br>Action Filed: September 22, 2025 |

# I. INTRODUCTION

Shortly after the United States sued the City of San Jose in the Northern District over their CCW issuance policies, Plaintiffs filed a Notice of Related Case (ECF No. 56) in this matter because they understood that Civil Local Rule 3-12(b) (and Civil Local Rule 3-13) required it. A party "must promptly file" once it believes another action "may be" related. Both *Blank* and *United States v. San Jose* ask the same critical questions about the same state law, in the same courthouse. They both ask whether the policies of local licensing authorities for issuing CCWs under state law unconstitutionally burden the right to bear arms. Two judges in this division could reach different conclusions about two licensing authorities in the same county, applying the same law. That is precisely the kind of "conflicting results" Rule 3-12(a)(2) exists to prevent.

Plaintiffs ask the Court to treat their Notice of Related Case as an administrative motion to consider whether the cases should be related under Civil Local Rule 3-12 and respectfully ask for leave to file this brief reply because Defendants faulted Plaintiffs for not fully addressing the standards set forth in Rule 3-12(a)(2).[1]

# II. ARGUMENT

## A. The Actions Concern Substantially the Same Transaction, Event, and Property

The standard for relating cases under Civil Local Rule 3-12(a)(1) is disjunctive. It asks whether the actions concern substantially the same parties, property, transaction, *or* event. *Blank* and *San Jose* readily meet this bar.

First, both cases challenge local jurisdictions' application of state laws regarding CCW fees. The same state statute authorizes both fee schedules, and both defendants defend them the same way. Here, the County Defendants "maintain[] its fees are purely for cost recovery authorized under Senate Bill 2." (ECF No. 60 at 3.) In a letter to Assistant Attorney General Harmeet K. Dhillon, "San Jose City Attorney Susana Alcala Wood [similarly] contested the government claims, stating the city's concealed carry permit fee is a 'full cost recovery.'"

---

[1] Shortly after filing this memorandum, Plaintiffs will have cured their omission of filing a copy of the motion in the related action by filing a notice and attaching a copy of their original notice (ECF No. 56), Defendants' opposition (ECF No. 60), and this reply memorandum.

Margaret Attridge, *Feds Sue San José Claiming 'Exorbitant' Concealed Carry License Fees*, Courthouse News Service (Sept. 16, 2026), https://www.courthousenews.com/feds-sue-san-jose-claiming-exorbitant-concealed-carry-license-fees/. Both defenses rest on Penal Code section 26190(b)(1), which directs local licensing authorities to charge the reasonable costs of processing and issuing a license.[2]

Second, both cases will litigate the psychological testing requirement imposed by both local government defendants. State law authorizes an optional discretionary psychological testing for CCW permits. Cal. Penal Code § 26190. Both defendants have declined to exercise any discretion and have mandated psychological testing for all CCW applicants. The County Defendants even concede that "[l]ike the *City of San Jose* case," Plaintiffs challenge the psychological testing requirement authorized by SB 2 under the Second Amendment. (ECF No. 60 at 3 (citing ECF No. 53 at ¶¶ 128-131, 144-148).)

Third, each case puts the other defendant's fees at issue. As even the County Defendants acknowledge, the United States uses the County's fee as a benchmark and calls it "still high." (ECF No. 60 at 2, n.1.) The Second Amended Complaint here uses San Jose's fee as a comparator in turn. (ECF No. 53 at ¶ 121.) Neither court can decide what is "exorbitant" without considering the fees charged by both the County Defendants in *Blank*, and the City Defendants in *San Jose*.

Fourth, the applications and the licenses are the same. San Jose is within Santa Clara County, and the Sheriff licenses residents "of Santa Clara County or a city within the county," so every San Jose resident can apply to either defendant. Santa Clara County Office of the Sheriff Policy 207 § 207.3(a)(4), *available at* https://files.santaclaracounty.gov/exjcpb1376/2026-03/207-license-to-carry-a-firearm.pdf?VersionId=hwQRkJ6iQJhH_viB75_5Ec7W2jWtvFv6. Either way, the applicant receives the same state CCW license, and all applicants (to either the city or county) must apply using a statewide uniform CCW application form. Cal. Penal Code § 26175(a)(1)(A) ("Applications for licenses and applications for amendments to licenses under this chapter shall be uniform throughout the state, upon forms to be prescribed by the Attorney General.")

---

[2] The State has intervened here to defend that provision on its face.

The County Defendants' reliance on *Corley v. Google, Inc.*, 316 F.R.D. 277 (N.D. Cal. 2016) is misplaced. (ECF No. 60 at 4.) That case was about the application of rule 20(a) of the Federal Rules of Civil Procedure, concerning the permissive joinder of parties and applying a standard not applicable to Rule 3-12. Plaintiffs' Notice of Related Case was intended simply to put this Court and the parties on notice of a case filed in the same courthouse, litigating the local application of the same state law to a regulatory scheme that touches on a fundamental right. Relating the cases simply means that both cases will be assigned to the same judge. It does not necessarily consolidate them and, in fact, it is probably premature at this stage of both cases to consolidate them for trial or dispositive motions. But it is not premature to ensure the policy objectives of the Related Case Doctrine are preserved to conserve judicial resources and ensure consistent outcomes in cases interpreting the same body of law.

### B. Separate Judges Risk Conflicting Results on the Central Issues

The standard for relating cases under Civil Local Rule 3-12(a)(2) is also met if relation avoids either burdensome duplication or "conflicting results." Both are present here.

<u>Conflicting Results</u>. *Conflicting results.* If litigated separately, each court must decide what makes a CCW fee constitutional and whether applicant-funded psychological testing is valid. Suppose one judge in this Division upholds a $976 County fee and another strikes down San José's $1,591 fee, or the reverse. Licensing authorities across the County, and the State, would face conflicting standards from the same courthouse.

<u>Duplication</u>. Both cases will require evidence on CCW fees charged by comparable jurisdictions (including each other), and on the historical-tradition record for licensing fees in general, and whether there is any historical tradition of mandatory psychological screening. One judge should hear and decide both cases to avoid duplicating these efforts before two judges.

Relating the cases harms no one. Under Civil Local Rule 3-12(f), this Court decides the question as the judge assigned to the lowest-numbered case, and only the latter case is reassigned.

/ / /

/ / /

## III. CONCLUSION

Plaintiffs ask the Court to (1) grant leave to file this reply and (2) find *United States v. City of San Jose*, No. 5:26-cv-10508-PCP, related to this action under Civil Local Rule 3-12.

Respectfully submitted,

Dated: October 7, 2026

**MICHEL & ASSOCIATES, P.C.**

*/s/ Anna M. Barvir*
Anna M. Barvir
Counsel for Plaintiffs Robert M. Blank, Antonio Ramos Rodriguez, Kyle Hoang Truong, Charles Koon Chiu Young, Jonathan Young, and California Rifle & Pistol Association, Incorporated

Dated: October 7, 2026

**LAW OFFICES OF DONALD KILMER, APC**

*/s/ Donald Kilmer*
Donald Kilmer
Counsel for Plaintiff The Second Amendment Foundation

**ATTESTATION OF E-FILED SIGNATURES**

I, Anna M. Barvir, am the ECF User whose ID and password are being used to file this MATTER TEMPLATE. In compliance with Northern District of California L.R. 5-1(i)(3), I attest that all signatories are registered CM/ECF filers and have concurred in this filing.

Dated: October 7, 2026

*/s/ Anna M. Barvir*
Anna M. Barvir

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Name: *Blank v. Santa Clara County Sheriff's Department*
Case No.: 5:25-cv-08027-EJD

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFFS' REPLY IN SUPPORT OF RELATING *UNITED STATES v. CITY OF SAN JOSE*, NO. 5:26-cv-10508-PCP [DKT. 56]; REQUEST FOR LEAVE TO FILE**

on the following parties, as follows:

Tony Lopresti
Aryn Paige Harris
aryn.harris@cco.sccgov.org
Office of the County Counsel
70 West Hedding, East Wing, 9th Floor
San Jose, California 95110-1770
*Attorneys for Defendants Santa Clara County and Sheriff Robert Jonsen*

Kevin L. Quade
kevin.quade@doj.ca.gov
1300 I Street, Suite 125
Sacramento, CA 95814
*Attorneys for Proposed Intervenor Attorney General Rob Bonta*

by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 7, 2026, in Long Beach, California.

*/s/ Haydee Villegas*
Haydee Villegas

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Name: United States of America v. City of San Jose, California
Case No.: 5:2026-cv-10508-PCP

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**NOTICE OF FILING**

on the following parties, as follows:

Barry K. Arrington
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
barry.arrington@usdoj.gov

Allison Montonye, Deputy City Attorney
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
E-Mail Address: cao.main@sanjoseca.gov

by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 7, 2026, in Long Beach, California.

*/s/ Haydee Villegas*
Haydee Villegas