SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
SEAN RICHMOND, Chief Deputy City Attorney (210138)
THOMAS J. GRAY, Sr. Deputy City Attorney (191411)
ALLISON MONTONYE, Deputy City Attorney (341150)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for Defendants CITY OF SAN JOSE
And SAN JOSE POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CITY OF SAN JOSE, CALIFORNIA, and SAN JOSE POLICE DEPARTMENT,<br>Defendants. | Case Number: 5:26-cv-10508-PCP<br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants CITY OF SAN JOSE and SAN JOSE POLICE DEPARTMENT (the "City") answer the First Amended Complaint for Damages (hereinafter the "FAC") of Plaintiff UNITED STATES OF AMERICA as follows:

1. Paragraph 1 contains legal conclusions to which no response is required.

2. Paragraph 2 contains legal conclusions to which no response is required.

3. Paragraph 3 contains legal conclusions to which no response is required.

4. Answering Paragraph 4 of the FAC, Defendants deny Plaintiff's characterization that the permitting scheme is unconstitutional. Defendants otherwise admit the allegations in Paragraph 4.

5. Answering Paragraph 5 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations. To the extent a response is required, Defendants deny the allegations.

6. Answering Paragraph 6 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations. To the extent a response is required, Defendants deny the allegations.

7. Answering Paragraph 7 of the FAC, Defendants deny the allegations.

8. Answering Paragraph 8 of the FAC, Defendants admit that Plaintiff in this case is the United States of America.

9. Answering Paragraph 9 of the FAC, Defendants admit that the City is a municipal corporation within the County of Santa Clara, California.

10. Paragraph 10 contains legal conclusions to which no response is required.

11. Paragraph 11 contains legal conclusions to which no response is required.

12. Paragraph 12 contains legal conclusions to which no response is required.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants state that *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), speaks for itself. To the extent the allegations of Paragraph 13 mischaracterize or incorrectly describe the holdings, Defendants deny them.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants state that *Wolford v. Lopez,* 609 U.S. 185 (2026) speaks for itself. To the extent the allegations of Paragraph 14 mischaracterize or incorrectly describe the holdings, Defendants deny them.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants state that *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), speaks for itself. To the extent the allegations of Paragraph 15 mischaracterize or incorrectly describe the holdings, Defendants deny them.

16. Paragraph 16 contains legal conclusions to which no response is required.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants state that *United States v. Rahimi*, 602 U.S. 680, 691 (2024) (quoting Bruen, 597 U.S. at 24) speaks for itself. To the extent the allegations of Paragraph 17 mischaracterize or incorrectly describe the holdings, Defendants deny them.

18. Paragraph 18 contains legal conclusions to which no response is required.

19. Paragraph 19 contains legal conclusions to which no response is required.

20. Paragraph 20 contains legal conclusions to which no response is required.

21. Paragraph 21 contains legal conclusions to which no response is required.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

23. Answering Paragraph 23 of the FAC, Defendants admit that Resolution No. 2026-183 § 11 (2026) establishes a concealed-carry weapon license application fee of $1,591, with 20 percent payable upon application and the remaining balance payable upon issuance of the license. Defendant further states that the Resolution speaks for itself.

24. Answering Paragraph 24 of the FAC, Defendants admit that pursuant to the City's policy, applicants are referred to an authorized psychologist used by the San Jose Police Department for psychological testing upon successful completion of phase one of

the Concealed Carry Weapon application. Cal. Penal § 26190(e)(1) and the San Jose Municipal Code speak for themselves.

25. Answering Paragraph 25 of the FAC, Defendants deny the allegations.

26. Answering Paragraph 26 of the FAC, Defendants admit that it accurately quotes the San Jose Municipal Code. To the extent it contains legal interpretation and conclusions, no response is required.

27. Paragraph 27 contains legal conclusions to which no response is required.

28. Paragraph 28 contains legal conclusions to which no response is required.

29. Paragraph 29 contains legal conclusions to which no response is required.

30. Answering Paragraph 30 of the FAC, Defendants deny the allegations.

31. Answering Paragraph 31 of the FAC, Defendants deny the allegations.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

33. Paragraph 33 contains legal conclusions to which no response is required.

34. Paragraph 34 contains legal conclusions to which no response is required.

35. Answering Paragraph 35 of the FAC, Defendants admit it is a municipal corporation within the County of Santa Clara. The remainder of the paragraph contains legal conclusions to which no response is required.

36. Answering Paragraph 36 of the FAC, Defendants admit that the San Jose Police Department is established by the City Charter and that the San Jose Police Department is the law enforcement agency of the City of San Jose. Defendant further admits that the San Jose Police Department’s Chief of Police shall issue a license to carry a firearm to residents within the City of San José when the requirements are met. Except as expressly admitted, Defendants deny the remaining allegations.

37. Answering Paragraph 37 of the FAC, Defendants deny Plaintiff’s allegation that the permit fee is unconstitutional. Defendant otherwise admits the allegations in Paragraph 37.

38. Answering Paragraph 38 of the FAC, Defendants deny the allegations.

39. Paragraph 39 contains legal conclusions to which no response is required.

40. Paragraph 40 contains legal conclusions to which no response is required.

41. Defendants hereby re-allege and incorporate by reference their answers in the foregoing paragraphs as if set forth fully herein.

42. Answering Paragraph 42 of the FAC, Defendants deny the allegations.

43. Answering Paragraph 43 of the FAC, Defendants deny the allegations

**AFFIRMATIVE DEFENSES**

In addition to the foregoing responses to the allegations in the Complaint, and without admitting any allegations contained therein or taking on the burden as to any matter for which the burden falls on Plaintiff, Defendants assert the following defenses based on information and belief. By asserting the following defenses, Defendants do not knowingly or intentionally waive any additional defense and reserve the right to amend this answer and these defenses. Defendants further reserve the right to assert and rely upon other defenses as may later become available or apparent.

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff’s claims are barred by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

3. The City’s fees for processing concealed carry permits are set pursuant to provisions in the California Constitution that authorize the recovery of costs for issuing permits, licenses, performing investigations, inspections, etc.

4. The Tenth Amendment to the Constitution reserves to the states discretion to set fees for permits, including concealed carry permits.

5. The Second Amendment to the Constitution does not guarantee a right to carry a concealed weapon, nor does it prohibit the recovery of costs to process applications to carry a concealed weapon.

6. The comparative cost to obtain a concealed carry permit in other jurisdictions does not evidence, nor establish a reasonable basis upon which to conclude the fee amount violates the Second Amendment.

**PRAYER**

WHEREFORE, the City requests that the Court:

1. That Plaintiff take nothing by their First Amended Complaint;
2. That Plaintiff's First Amended Complaint be dismissed with prejudice;
3. That Defendant be awarded costs of suit, including attorney's fees incurred herein; and
4. For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: November 2, 2026

SUSANA ALCALA WOOD, City Attorney

By: /s/ Thomas J. Gray
THOMAS J. GRAY
Sr. Deputy City Attorney

Attorneys for CITY OF SAN JOSE